## J. W. LIGHTBODY v. JOHN LIGHTBODY.

AT the March Term, 1880, of the district court of Barton county, *J. W. Lightbody*, as plaintiff, recovered a judgment against defendant *John Lightbody* for $48.24, instead of for $409.90, which he claimed. The plaintiff brings the case here. The opinion contains a statement of the facts.

*A. A. Hurd*, for plaintiff in error.

*G. W. Nimocks*, for defendant in error.

*Per Curiam:* The plaintiff and defendant, prior to April 10, 1878, were partners in the mercantile business at Great Bend. On the 3d day of April, 1878, the defendant brought suit against the plaintiff, alleging that the plaintiff had ap-

propriated partnership property to his own use in excess of
his interest in the firm, and praying for a dissolution of the
firm, an accounting of their business, and a division of the
assets. On April 10, 1878, by mutual agreement, a dissolu-
tion of the firm was effected, a division of the assets made,
and the suit dismissed, the plaintiff receiving as his share of
the effects the notes and book accounts owing to the firm on
account of the sales of merchandise sold by the firm to parties
on time up to and including the 9th day of April, 1878. On
July 22, 1878, the plaintiff filed his petition in this action,
alleging that some days prior to the 10th of April, 1878, the
defendant collected and converted to his own use two accounts
then due the firm, amounting in the aggregate to $409.90;
that defendant made no credit on the partnership books to the
parties from whom the accounts were collected; that he did
not inform the plaintiff of the collections; that the defendant
collected said accounts and converted them to his own use
without making any entry on the books, or giving any infor-
mation to the plaintiff, for the purpose of defrauding said
plaintiff and concealing from him the collections. Plaintiff
further alleged that he accepted the book accounts and notes
of the firm as his portion of the assets, upon the belief that
the said accounts were still due the firm, and that by the set-
tlement he would be the owner thereof; that the settlement
was obtained by fraud and concealment of the defendant.
The petition contained a prayer that plaintiff recover from
the defendant his damages of $409.90, with interest from
April 10, 1878. Defendant filed an answer, alleging that
plaintiff had appropriated to his own use profits of the busi-
ness without the knowledge or consent of defendant; and that
he gave to one James McGee, improperly and unlawfully, the
sum of $700 in excess of any indebtedness of the firm to said
McGee. To this answer a general denial was filed. The case
was submitted to the court without a jury, and the court ren-
dered judgment in favor of plaintiff for the sum of $48.24,
together with all costs in the case. Plaintiff excepted to the

judgment, and brings the case here, and claims that he is entitled to judgment for $409.90.

It appears from the record before us that each party asked special findings of the court, but the court was not asked to make findings as to all the facts in the case, and the record does not purport to contain all the evidence. While the petition of plaintiff and 'the special findings asked by him and found in his favor by the court would fully justify a judgment in his favor of the amount sued for, yet the special findings asked for by defendant, and found in his favor, fully support the claim of defendant that several hundred dollars were paid to McGee, a brother-in-law of plaintiff, by plaintiff out of the moneys of the firm, without any consideration therefor, and without the knowledge and consent of defendant. On account of these payments or gifts, the claim of plaintiff was reduced by the court to the amount of the judgment. The questions of fact at issue between the parties rested mainly upon the credibility of the witnesses, and we perceive no reason upon the record as presented to us, for reversing the general finding.

The judgment of the court below must therefore be affirmed.